IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SHERRON PICKETT GRAYS, )<br>Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>CAROLYN W. COLVIN, )<br>Commissioner of Social Security, )<br> )<br>Defendant. )<br> ) | 5:13-cv-818-LSC |

Memorandum of Opinion

The plaintiff, Sherron Pickett Grays ("Grays"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Grays timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

I. Introduction

Grays was forty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 32, 116.) Grays has a tenth grade education and has past

work experience as a kitchen helper, checker/cashier, and assembler. (Tr. at 53, 146, 147, 162.) Grays alleges that her disability began on March 17, 2010, and that her disability is due to fibromyalgia, back pain, high cholesterol levels, hypertension, breathing problems, gastroesophgeal reflux disease ("GERD"), numbness in her hands, diabetes mellitus, and obesity.

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity. *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is engaged in substantial gainful activity, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational

requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or

combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Grays meets the non-disability requirements for a period of disability, DIB, and SSI and was insured through the date of his decision. (Tr. at 25.) He further determined that Grays has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Grays's diabetes mellitus and obesity were her only "severe" impairments based on the requirements set forth in the regulations; her alleged breathing problems, fibromyalgia, GERD, cholesterol issues, back pain, hand numbness, and hypertension were not "severe."(*Id.* at 25–26.) The ALJ next determined that Grays's impairments neither met nor were medically equal to any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 28.)

Because Grays could not be considered "disabled" based solely on whether her impairments met or medically equaled those listed in 20 C.F.R. Part 404, the ALJ next assessed the effect of Grays's alleged impairments on her RFC. The ALJ found that Grays had an RFC that enabled her to perform a limited range of medium work; she can occasionally lift/carry fifty pounds; she can frequently lift/carry, including upwardly pull, twenty-five pounds; she can sit, stand, and/or walk, with normal breaks, for six hours in a eight-hour work day; and she has manipulative limitations of no overhead reaching bilaterally. (*Id*. at 28.) The ALJ determined that Grays's RFC did not prevent Grays from performing past relevant work as a kitchen helper, assembler, or cashier/checker. (*Id*. at 31.) Consequently, the ALJ concluded that Grays was not "under a disability" as defined in the Social Security Act through the date of the decision. (*Id*. at 32.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v.*

*Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for

review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Grays alleges that the ALJ's decision should be reversed and remanded for two reasons. First, she argues that the ALJ incorrectly classified Grays's fibromyalgia and back pain as "non-severe" impairments, and that the ALJ subsequently failed to consider those impairments' impact on her RFC. Second, Grays argues that the ALJ failed to properly explain his application of the Eleventh Circuit's "pain standard" when evaluating Grays's complaints of chronic pain, and that the ALJ's decision is therefore not supported by substantial evidence. The Court considers each of these arguments in turn.

### A.  Failure to Classify Grays's Fibromyalgia and Back Pain as "Severe Impairments" and Failure to Consider the Combined Effect of Grays's impairments

In reaching his disability determination, the ALJ concluded that diabetes mellitus and obesity were Grays's only "severe" impairments. (Tr. at 25.) Grays now

contends that the ALJ's decision is not based upon substantial evidence because the ALJ "fail[ed] to consider Plaintiff's fibromyalgia and back pain as severe impairments." (Doc. 9, at 8.) Grays further argues that the ALJ failed to consider Grays's back pain and fibromyalgia in combination with her severe impairments when determining her RFC. (*Id.* at 8–9.)

The ALJ must consider the combined effect of all impairments when assessing a claimant's disability. *See Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). However, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," provided that the ALJ finds that the claimant suffers from at least one "severe" impairment and considers all of the claimant's impairments in combination when assessing the claimant's ability to work. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. A'ppx 823, 825 (11th Cir. 2010); *see also id.* at 824–25 (stating that "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment; and that finding is all that step two requires"). Here, the ALJ decided that Grays's diabetes mellitus and obesity were severe impairments. Because step two of the sequential process is satisfied whenever at least one impairment is classified as "severe," the ALJ's conclusion that Grays's

fibromyalgia and back pain were not also "severe" impairments is at worst a harmless error. On review, this Court need address only whether the ALJ properly considered the combined effects of Grays's impairments—both "severe" and "non-severe"—in reaching his disability determination.

The ALJ did consider all of Grays's alleged impairments when making his determination that Grays was not disabled. In arguing that the ALJ erred in not considering the combined effect of her impairments, Grays points to the report of Dr. John Lary, who performed a one-time consultative examination on Grays pursuant to her application for disability. (Tr. at 362–66.) Dr. Lary's report diagnosed Grays with fibromyalgia and stated that chronic pain limited her ability to "sit, stand, walk, lift, carry, bend squat, and reach." (*Id.* at 365–66.) However, the mere diagnosis of a condition does not, by itself, prove any limitations to a claimant's ability to work. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Furthermore, the ALJ's decision contains a detailed discussion of Grays's alleged back pain and fibromyalgia. While the ALJ noted the consultative examiner's diagnosis, he also noted that x-rays of Grays's back showed a normal range of motion and strength during the examination. (Tr. 26.) The ALJ further noted that the consultative examiner's diagnosis indicated that Grays's could walk and squat normally, and that she had

normal range of motion in all joints except her shoulders.[1] (*Id.* at 26.) The ALJ also emphasized that, despite the diagnosis of fibromyalgia, Dr. Lary's report noted no "trigger points indicative of fibromyalgia." (*Id.*)

Finally, the ALJ noted in his decision that he "considered all symptoms," afforded "careful consideration to the entire record," and that "allegations of fibromyalgia, when considered both singularly and in combination with [claimant's] . . . 'severe' impairments, have not resulted in any significant limitations on her ability to perform work related activities." (*Id.* at 28, 26.) The Eleventh Circuit has stated that such language is sufficient to show that the ALJ properly considered all alleged impairments when making a disability determination. *See Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (finding that an ALJ "clearly considered the combination [of impairments] at issue" when he stated that "'based on a thorough consideration of all evidence . . . the appellant is not suffering from any impairment, *or a combination of impairments* . . . to prevent him from engaging in any substantial gainful activity'"); *see also Heatly*, 382 F. App'x at 825 (stating that "a simple expression of the ALJ's consideration of the combination of impairments constitutes

---

[1] As previously stated, the ALJ accounted for Grays's limited shoulder mobility when explaining her RFC, explicitly stating that Grays "has manipulative limitations of no overhead reaching bilaterally." (*Id.* at 28.)

a sufficient statement of findings" (citing *Jones v. HHS*, 941 F.2d 1529, 1533 (11th Cir. 1991))).

In sum, the ALJ's decision contains a thorough discussion of Grays's alleged impairments, and ALJ explicitly stated that he considered the effect of Grays's back pain and fibromyalgia both alone and in combination with her other impairments.

### B. Failure to Properly Explain and Apply the Eleventh Circuit's "Pain Standard" When Assessing Subjective Complaints of Pain

Grays next argues that the ALJ's decision should be reversed and remanded because the ALJ failed to properly explain his application of the Eleventh Circuit's pain standard when assessing Grays's subjective complaints of pain. (Doc. 9, at 9.) The ALJ found that Grays's subjective complaints of pain were "not credible" to the extent that they conflicted with his RFC assessment. (Tr. at 29.) Grays now contends that the ALJ's decision "fail[s] to properly consider evidence of record establishing a disabling impairment."[2] (Doc. 9, at 12.)

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*,

---

[2] Grays again points to the consultative examiner's diagnosis of chronic pain, limited mobility, and fibromyalgia as being some of the evidence that the ALJ failed to properly consider. Grays also notes that she received occasional pain injections for her back and was prescribed pain medication.

67 F.3d 1553, 1561 (11th Cir. 1995). To establish a disability based upon pain and subjective symptoms, the Eleventh Circuit has set forth a three-part standard: "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that the confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Meeting the pain standard does not automatically end the ALJ's analysis if the ALJ rejects the plaintiff's complaints for lack of credibility. *See Foote*, 67 F.3d at 1560-61 (meeting the judicial pain standard is only a threshold inquiry and the ALJ may reject the complaints by offering specific reasons); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain [under the above standard], the ALJ may reject them as not credible, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). Once a claimant has met the pain standard, the ALJ may still discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so based on substantial evidence.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. R. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection" which is "not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ specifically referenced Social Security Rule 96-7 when analyzing Grays's subjective complaints of pain. (Tr. at 28–29.) The ALJ found that Grays's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Grays's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC assessment. (*Id.* at 29.) Specifically, the ALJ found that Grays's complaints of pain were not fully credible in light of the medical evidence on record and Grays's continued performance of daily activities. (*Id.* 29–31.)

In making this determination, the ALJ specifically discussed Grays's visit with the one-time consultative examiner, and why his diagnosis of "chronic pain" and "limited mobility" was not entitled to substantial weight. (*Id.* at 31.) While the examiner ultimately opined that chronic pain limited Grays's mobility, the ALJ noted that the examination report showed results that were "essentially normal." (*Id.* at 31.) Grays showed normal range of motion for her arms and legs and normal hand function. (*Id.* at 31, 365.) She was able to walk normally and could raise herself from a squatting and kneeling position. (*Id.* at 31, 365.) Consequently, the ALJ determined that the consultative examiner's report was "not entitled to substantial weight to the extent that [it] opines that the claimant is unable to perform medium exertional work." (*Id.* at 31.) *See Crawford*, 363 F.3d at 1155, 1159 (affirming an ALJ's decision to discount a physician's opinion when that opinion was "inconsistent with [the physician's] own treatment notes, unsupported by medical evidence, and . . . based primarily on [claimant's subjective complaints of pain]"). The ALJ did give "significant weight" to the state medical consultant's physical assessment of Gray. (Tr. at 31, 386–93.) In doing so, The ALJ emphasized that the physical assessment was consistent with all the objective medical evidence on record, including the non-opinion portions of the consultative examiner's report. (*Id.* at 31.)

The ALJ also found that Grays's testimony concerning the extent of her pain was discredited by conflicting evidence. The ALJ noted that Grays's reports of her daily activities were inconsistent with her alleged disabling limitations. For example, Grays has alleged that pain in her hands made it difficult for her to brush her teeth, yet Grays told the consultative examiner that she was easily capable of brushing her teeth. (*Id*. at 47, 370.) Grays also now claims that she is unable to drive and must rely on family and friends for transportation, even though she previously indicated that she is capable of driving a car, going grocery shopping, and attending church services. (*Id*. at 174–75.)

The ALJ also considered Grays's current pain medication when making his assessment. The ALJ noted that Grays previously indicated that her pain medication was working well in managing her pain issues. (*Id*. at 31, 456.) Improvement of pain while on medication can suggest that a plaintiff's pain allegations are not credible. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that a symptom reasonably controlled by medication or treatment is not disabling).

In sum, the ALJ specifically addressed Grays's allegations of pain and provided

explicit and detailed reasons why the evidence that Grays offered was not fully credible. *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989) (ALJ properly discredited the plaintiff's testimony where he specifically articulated at least three reasons for rejecting the plaintiff's subjective complaints). For the reasons discussed, substantial evidence supports the ALJ's conclusion that Grays's impairments are not of such intensity or persistence that they prevent her from performing a limited range of medium work, including her previous work as a kitchen helper, assembler, and cashier/checker. (Tr. at 31–32.)

## IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Grays's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 21st day of January 2015.

L. Scott Coogler
United States District Judge
[177822]